BASHAW-JOY COMPANY, Appellee, v. E. C. WALSH, Appellant.

**APPEAL AND ERROR:** Questions of Fact, Verdicts, and Findings
1 —Conflicting Testimony—Conclusiveness of Verdict. The finding of a jury on conflicting testimony is conclusive.

**PLEADING:** Amendments—Failure to Conform to Proof. In an
2 action for furnishing a set of batteries for an electric automobile, under a written agreement, an amendment to defendant's answer, filed during the trial, to the effect that plaintiff was to furnish a written guarantee with the batteries, held properly stricken, as being within the discretion of the court, and as not conforming to the proof, and as being of oral matters which would be merged in the written contract.

**APPEAL AND ERROR:** Harmless Error—Rulings as to Immaterial
3 Evidence. The overruling of objections to immaterial evidence *held* harmless error.

**TRIAL:** Argument and Conduct of Counsel—Nonprejudicial Argu-
4 ment. Alleged misconduct of counsel in argument to jury *held* not subject to complaint, as being error or prejudicial.

**TRIAL:** Requested Instructions—Matters Otherwise Covered.
5 There is no error where the instructions as given covered those requested.

**TRIAL:** Instructions—Issues and Theories in General—Right of
6 Buyer to Rescind. In an action for installing batteries in an electric automobile, where it was claimed that they were not

of the kind ordered, an instruction that, if the batteries fur-
nished were not the ones contracted for, and if, within a rea-
sonable time after discovering that, the defendant tendered the
same back to the plaintiff, and did not thereafter keep and
use and retain control over the same as his own, there was a
rescission, and the plaintiff could not recover, *held* correct.

COSTS:    Taxation—Unnecessarily Lengthy Additional Abstract.
7   Costs of an unnecessarily lengthy additional abstract are prop-
erly taxed partly against the appellee.

*Appeal from Clinton District Court.*—WILLIAM THEOPH-
ILUS, Judge.

OCTOBER 25, 1919.

ACTION at law, in which plaintiff seeks to recover $335,
with interest, for furnishing defendant with a new set of
batteries for an electric automobile, and for certain repairs
and extras thereon. The contract was in writing, by a let-
ter or proposition by defendant to plaintiff, and accepted
by plaintiff. Defendant denied that the contract was com-
plied with, and alleged that he tendered the battery back to
plaintiff, as soon as he discovered it was not of the kind
and quality agreed upon, and filed a counterclaim, alleging
that the old battery which was in the car, and which plain-
tiff agreed to take, was of the value of $150. By an amend-
ment to the counterclaim, defendant asked damages in the
further sum of $400, because the battery placed in the car
by plaintiff had to be replaced, to the defendant's damage,
and the further sum of $100, because the battery which
plaintiff placed in the car was defective, and the car was
damaged in the removing of said battery. Trial to a jury.
Verdict and judgment for plaintiff for $395.10. The defend-
ant appeals.—*Affirmed.*

*Wolfe & Wolfe,* for appellant.

*Carl H. Lambach,* for appellee.

PRESTON, J.—The counterclaim was not submitted to

the jury, but no complaint is made of this by appellant, who concedes that the only question now is that part of the contract with reference to the battery. So much of the contract or letter as is now material, and argued, is as follows:

"You can furnish us with a new set of high cap batteries, 13 plate, 40 cell, to be new throughout. The batteries to be either the same kind now used in the Detroit machine or in the Ohio. You to receive therefor $335 when installed in our machine at Clinton, Iowa, and also to receive our old batteries."

It was signed by appellant, and received by plaintiff about March 17, 1916. The two main points in the case are as to whether plaintiff performed his part of the contract, as he alleges, and as to the alleged rescission. There is a sharp conflict in the testimony on these questions. They were submitted to the jury, and their finding is, under the circumstances, conclusive. It appears that, after the contract, and in May, 1916, plaintiff did furnish the defendant a certain set of batteries, and installed the same in defendant's car, and that plaintiff received the old batteries that were then in said car. Forty-four errors are assigned, with argument on each, but no cases are cited therein. To discuss them all separately in an opinion would take a considerable part of an Iowa Report.

1. Appellant complains that the court erred in striking a later amendment to defendant's answer. The substance of this amendment is that defendant alleges that, prior to the letter of March 17th, plaintiff and defendant had verbal negotiations, to the effect that plaintiff was to furnish, with the batteries, a written guaranty by the company which furnishes the batteries, and that the batteries were to be constructed by the battery company from

*Margin notes:*
1. APPEAL AND ERROR: questions of fact, verdicts, and findings: conflicting testimony: conclusiveness of verdict.

2. PLEADING: amendments: failure to conform to proof.

whom the battery was obtained, and that the batteries fur-
nished were constructed by the plaintiff; that, when de-
fendant was informed thereof, he tendered the plaintiff the
batteries they had placed in his car. Some of these matters
had been pleaded by defendant in former pleadings. Prac-
tically all the new matter in the last amendment was as to
prior verbal negotiations, and that plaintiff was to furnish
a guaranty. It stated that it was an amendment to con-
form to the proof, and seems to have been filed near the
end of the trial. The trial commenced April 8, 1918, and
the amendment in question and motion to strike were filed
on April 10th. The motion to strike is on the grounds that
the amendment does not conform to the proof, but pleads
matter attempting to vary the terms of the written con-
tract; that it is a variance from the issue as tried, and is
filed too late; that it creates a new issue. We think the
motion was well taken; or at least that, under the circum-
stances, it was a matter of discretion. We think there are
several reasons why the motion was well taken. The plead-
ings do not conform to the proof. The defendant did, at
the very start of the trial, and at the cross-examination of
the first witness, inquire as to such a guaranty, but plaintiff
objected, as attempting to vary the terms of the written
contract, and this was sustained. The case was then tried
on the theory that that was an issue, and plaintiff seems to
have relied upon the objection, without putting in proof
on that question. Such amendment does not claim that the
contract was partly in parol and partly in writing; it sim-
ply recited that, prior to the writing, certain things were
discussed and agreed to. The general rule, though there
are exceptions, is that all such are merged in the writing.
There may be other reasons.

About half of the errors assigned relate to rulings on
evidence. We have examined them all, and think there is
no merit in any of the objections now made thereto, and

that the rulings could not have been prejudicial to appellant.

3. APPEAL AND ERROR: harmless error: rulings as to immaterial evidence.

The entire situation and the conditions were gone into by witnesses for both sides in great detail. We shall refer to a few of the objections, to show their general tenor. One is:

"Q. Did you not agree to give a written guaranty from the Philadelphia Battery Company that the battery was made by them, and O. K.?

"Q. The Philadelphia Battery Company send with every battery they sell a written guaranty, do they not?"

Plaintiff's objections to these two questions were sustained. We have already referred to them. Plaintiff's first witness, Bashaw, was asked, in chief:

"Q. Was Mr. Walsh advised by you that you were going to assemble the battery in Davenport? (Objected to, as calling for incompetent, irrelevant, and immaterial testimony, and to vary the terms of a written contract, which called for new batteries. The contract calls for a new battery throughout, and don't call for a rebuilt battery. Overruled. Defendant excepts.) The plates are put in the container with special insulators, and there is nothing about the acid that is different when assembled in Philadelphia than when assembled in New York. The jars are the same wherever they are assembled."

The answer is really not responsive to the question, and the witness does not say whether Mr. Walsh was advised or not; but plaintiff made no objection on that ground. The answer is more in the nature of a description of what was done, and of conditions. We are unable to see how the answer is in any way prejudicial to the defendant. Appellant's argument is that the answer to this question does not vary the terms of the written contract, and that the court erred in refusing to permit the witness to answer that question. We do not understand appellant's position as to

this. We have set out the record exactly as it is, from appellant's abstract, and appellant's assignment of error recites that the objection was overruled. We at first thought that possibly appellant had mistakenly stated in the abstract that the objection was overruled, and that it might be it was intended to say that it was sustained; but it was appellant's objection, and he excepted to the ruling. If his objection was sustained, he could not, of course, assign the ruling as erorr. Defendant objected because the question does vary the terms of the written contract, and the argument is that it does not; that the contract is silent, except as the appellant claims that the proper construction of the contract did require a new battery, constructed by the Philadelphia Battery Company, and that there is no dispute, under the evidence, that the battery which was placed in defendant's car was a Philadelphia battery. Furthermore, the court did not refuse to permit the witness to answer, but the defendant's objection was overruled, and the record shows that the witness did answer.

Another ruling complained of by appellant is: "Q. Did you assemble Philadelphia batteries?" Defendant objected, and it was overruled. The defendant excepted, and the answer was, "Yes, sir." The argument on this is that the contract in this case did not call for a Philadelphia battery assembled by the plaintiff, but it called for a battery new throughout, and a battery that is new throughout is not one that is shipped in parts and assembled by some parties other than the manufacturer. Clearly, the question and answer are not prejudicial to defendant, but, on the contrary, are in defendant's favor. Defendant was claiming that the battery was to be a Philadelphia battery, but claimed that it should have been assembled where made, and that it should not have been assembled in Davenport. So that the question and answer proves for the defendant that the batteries were assembled in Davenport, and that is

what defendant wanted to prove, because it was claiming that they should have been assembled elsewhere, and in the place where they were made. This last question was propounded to one of the plaintiffs, testifying for plaintiff on re-examination.

2. It is complained by appellant that counsel for appellee was guilty of misconduct in argument to the jury. Appellants objected to this argument by appellee's counsel.

"Why, of course, that is most ridiculous, although they had one man come here and say nothing was new unless it came from Philadelphia. Well, now, I submit to you, gentlemen, that, if a witness can testify— **4. TRIAL: argument and conduct of counsel: nonprejudicial argument.** but I believe that the average juror is not going to swallow any such statement as that. They said he is undisputed. Well, I hope that man, if he is undisputed, remains undisputed the balance of his life.

"Mr. Wolfe: If the court please, the witness did not testify to anything of the kind. The witness testified it wouldn't be a Philadelphia battery unless it was made at Philadelphia. If he assembled it, it would be his battery.

"By the Court: That is a question for the jury to pass on."

Then follow two or three pages in the abstract, showing discussion between counsel for both sides and the court, appellant contending that he had a right to interrupt and make objections where he claims opposing counsel were stating the evidence incorrectly. The court stated that he would instruct the jury that they must return the verdict according to the evidence, and that it was for the jury to say what the evidence was, and not what the lawyers say in argument; and the court did so instruct the jury. We see nothing prejudicial in the argument, in any event.

3. The defendant offered eight instructions, which were refused, and error is assigned as to each. Some of them

are quite lengthy, but, so far as they stated the law correctly, they were given by the court in its own charge. Appellant complains also of the instructions given by the court, Nos. 8 and 9, more particularly No. 9. The eighth instruction is as follows:

5. TRIAL: requested instructions: matters otherwise covered.

"8. If you find, from a preponderance of the evidence, that the plaintiff did furnish the defendant a new set of high cap batteries, 13 plate, 40 cell, new throughout, of the same kind then used in the Detroit machine, and that plaintiff installed the same in defendant's electric car in accordance with said contract, then you are to allow the plaintiff the sum of $335, the contract price for same; but if he, the plaintiff, has failed so to establish his case, and you find that the defendant did rescind the said contract, as explained in the next paragraph of these instructions, then you are not to allow the said $335 for the plaintiff."

6. TRIAL: instructions: issues and theories in general: right of buyer to rescind.

The question of rescission was an important matter in the case. Appellee contends that, the defendant having used the car about a year, and for a considerable time after it is claimed defendant discovered the matters about which defendant complains, and under the entire record, the court should have sustained plaintiff's motion for a directed verdict on this question. But the matter was submitted to the jury, and under an instruction, the substance of which is that, before the defendant could rescind the contract on account of the failure, if any, of the plaintiff to furnish the batteries contracted for, he, the defendant, must tender back to the plaintiff the battery furnished, and do so within a reasonable time after he discovered that they were not the batteries contracted for, if they were not, and that defendant could not keep and use and retain control over the batteries as his own, after making such discovery and

tender, and, at the same time, claim a rescission; and that, if the jury should find that defendant, after making said discovery, and tendering back to the plaintiff the batteries, as claimed by him, continued to keep and use and retain control over them as his own, then there was no rescission of the contract, and that the jury should so find. But if the jury should find that the batteries furnished were not the batteries contracted for, and that, within a reasonable time after the defendant discovered such to be the fact, he tendered the same back to plaintiff, and that, thereafter, defendant did not keep and use and retain control over the same as his own, after making such discovery and tender, then, and in that event, there was a rescission of the contract by the defendant, and the jury should so say. As said, no cases are cited by appellant, and it appears to us that this is a correct statement of the law, as applied to the facts of this case.

After examining the entire record, we reach the conclusion that no prejudicial error appears.

Appellant has filed a motion to strike appellee's additional abstract, or, if that be overruled, to tax four fifths of the cost of such additional abstract to appellee. The original abstract contains 60 pages, and appellee's additional abstract, 80 pages. The appellee has, we think, set out more in his additional abstract than he should have. We are aware of the fact that counsel have their own ideas as to how they desire to present their case, and allowance is made for that; but there is much repetition in the amended abstract, and objections to evidence and the rulings thereon are set out which cannot be reviewed: for instance, some objections made by appellant that were sustained; also rulings made against appellee, and the like. It is difficult to say just how much of the additional abstract should be taxed to appellee, but we have

7. COSTS: taxation: unnecessarily lengthy additional abstract.

concluded that one half the cost thereof should be, and it will be taxed to appellee. The judgment is—*Affirmed.*

LADD, C. J., EVANS and SALINGER, JJ., concur.